**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA, :
:
v. : Case No.: 1:06-cr-30 (WLS)
: Case No.: 1:10-cv-90091
KEON LESLIE PHILLIPS, :
:
    Defendant. :
_____ :

## ORDER

Pending before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed October 25, 2011. (Doc. 158). Therein, Judge Langstaff recommends that Defendant's 28 U.S.C. § 2255 Motion to Vacate (hereinafter "§ 2255 Petition") be dismissed for untimeliness pursuant to 28 U.S.C. § 2255(f)(3). (*Id.* at 1). Because Defendant is not relying on newly discovered facts but instead on the assertion of a right allegedly newly recognized by the Eleventh Circuit, the Recommendation finds that the period of limitations for Defendant to file his § 2255 Petition falls within § 2255(f)(3) and not, as Defendant argues, § 2255(f)(4). (*Id.* at 3).

According to the Recommendation, however, "none of the cases to which the [Defendant] points reflect rights newly 'recognized by the Supreme Court and made retroactively applicable to cases on collateral review,'" as required by § 2255(f)(3), but are instead Eleventh Circuit cases "interpreting Supreme Court decisions dating back to 2005." (*Id.*). The Recommendation finds that the subject § 2255 Petition is therefore untimely under § 2255(f)(3),[1]

---

[1] The Recommendation also finds that the Petition is untimely under § 2255(f)(1), as the Petition was filed more than two years after Defendant's conviction became final, and that Defendant's 18 U.S.C. § 3582 motion, moving for retroactive applicable of the Sentencing Guidelines, did not toll the one-year limitations period applicable to the § 2255 Petition. (Doc. 158 at 4). Because Defendant's Objection does not challenge these findings, the Court does not address them herein.

1

as it was not filed within one year of these cited Supreme Court decisions initially recognizing the rights which Defendant asserts. (*Id.* at 4).

The Recommendation provided the Parties with fourteen (14) days[2] from the date of its service to file written objections to the recommendations therein. (*Id.*). The period for filing objections expired on Friday, November 11, 2011. Defendant filed an untimely Objection on November 14, 2011, alleging the Recommendation's reliance on erroneous procedural allegations and its misconstruction of Defendant's jurisdictional arguments as to the timeliness of his § 2255 Petition.[3] (Doc. 159 at 1).

In his Objection, Defendant maintains that 28 U.S.C. § 2255(f)(4) controls his case given the "newly discovered facts" concerning his prior state conviction for aggravated assault, attested to in an affidavit filed in support of the § 2255 Petition. (*Id.* at 2). Defendant appears to contend that these newly discovered facts establish and thereby require the Court to find that Defendant's state aggravated assault conviction did not constitute a "crime of violence" and that in light of this finding, to vacate his federal sentence. (*Id.* at 3-4, 6, 7 (citing Aron v. United States, 281 F.3d 708 (11th Cir. 2002)) (noting Judge Langstaff's disregard for cases, both those within and outside of Eleventh Circuit, that place Defendant's claims squarely within subsection (f)(4), not (f)(3))). Moreover, Defendant notes that his Petition relies on decisions stemming from Begay v.

---

[2] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[3] To evaluate these grounds of his Objection, Defendant requests the Court to hold an evidentiary hearing on his § 2255 Petition. However, the Court finds no need for an evidentiary hearing, as the dates of Defendant's convictions and final judgment, as well as pertinent dates of filings and of Defendant's cases, can be determined as a matter of record and judicial notice.

The Court also must note Defendant's pending Motion for Summary Judgment, filed May 9, 2011, wherein he moves for judgment as a matter of law on his § 2255 Petition in light of Judge Langstaff's delay in recommending a ruling on the Petition. (*See* Doc. 156). In his Objection, Defendant briefly raises the fact that his Motion for Summary Judgment has remained unanswered, presumably by both the Government and the Magistrate Judge. (Doc. 159 at 1). Because Judge Langstaff has since reviewed the § 2255 Petition and issued the required Report and Recommendation, however, the Court finds that the Motion for Summary Judgment (Doc. 156) is now moot and is **DENIED** as such.

United States, a 2008 decision, and therefore, contrary to the Recommendation's finding, does not rely on decisions dating back to 2005. (*Id.* at 5). The Court disagrees with each ground of Defendant's Objection for the following reasons.

Not only did Defendant file his Objection beyond the required deadline, but the Objection, along with the § 2255 Petition, also lacks substantive merit. The Court agrees with the Recommendation that the subject § 2255 Petition is controlled by § 2255(f)(3), not (f)(4), and therefore must be dismissed for failure to comply with the timing requirements of § 2255(f)(3). By stating "that he could not have discovered the *factual predicate* of his claim . . ." (Doc. 154-1 at 7 (emphases added)), Defendant attempts to trigger the claims accrual language of § 2255(f)(4). *See* 28 U.S.C. § 2255(f)(4) ("The limitation period shall run from the latest of . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

The Court finds, however, that the language of the Petition as well as its and the Objection's heavy reliance on legal findings of federal circuit case law strongly require an analysis under § 2255(f)(3). The § 2255 Petition expressly states that Defendant "could not have discovered the factual predicate . . . until *all of the above compelling, binding precedent became effective* . . . ." (Doc. 154-1 at 7 (emphases added)). Such a statement clearly raises an analysis under § 2255(f)(3), which calculates the relevant limitations period from "the date on which the right asserted is initially recognized by the Supreme Court . . . ." 28 U.S.C. § 2255(f)(3).

Yet, as concluded by Judge Langstaff and now by this Court, the § 2255 Petition is untimely according to the time constraints of § 2255(f)(3). The Petition, as well as the Objection, continuously emphasizes case law that was issued more than a year prior to the filing date of the Petition. It also discusses non-binding cases outside of the Eleventh Circuit or cases

3

that are completely irrelevant to the § 2255 timing bars discussed herein. For example, because the 2002 case cited in Defendant's Objection dates back nearly ten years ago, *see* Aron, 281 F.3d 708, any right recognized therein would require the § 2255 Petition to have been filed in 2003, seven years prior to the date of its actual filing.

And the 2011 case cited in Defendant's Objection concerns an ineffective assistance of counsel claim, *see* Sessions v. United States, 416 F. App'x 867 (2011), and a 2010 case from the Fifth Circuit addresses statute of limitations equitable tolling, *see* Williams v. Thaler, 400 F. App'x 886 (5th Cir. 2010), the application of which Defendant expressly argues neither in his Petition nor Objection. Furthermore, statute of limitations and much less, writs of habeas corpus alone are not discussed in Begay, the decision on which Defendant says he has grounded his Petition. *See* 553 U.S. 137.

Finally, the Court notes that even if the limitations period was controlled by § 2255(f)(4), Defendant has not alleged the discovery of newly available facts, either in his Petition or his Objection. For example, in the affidavit referenced in the Objection, the affiant, the victim of the state aggravated assault conviction, attests that Defendant "accidentally and recklessly cut [her] with a butter knife" and that such an act was unintentional, not purposeful, and nonaggressive. (Doc. 154-2 at 3 to 4). This statement, however, does not establish new facts for the Court to consider in evaluating the § 2255 Petition. And even if such facts were presumed new, the statement does not establish the date on which they could have been discovered through the exercise of due diligence or that they were discovered through the exercise of due diligence, such that the Court would be required to find the Petition timely under § 2255(f)(4) and undertake its review.

And most importantly, the introduction of these allegedly newly discovered facts improperly asks the Court to review Defendant's state conviction of aggravated assault, which is a duty reserved for the state court system. For example, the allegations raised in the affidavit essentially ask the Court to question and weigh the affiant's testimony regarding Defendant's offense conduct as a basis for vacating his state conviction and thus, re-sentencing him in this Court. Yet, in a § 2255 action, this Court's role is not directed towards review of state court convictions for purposes of federal habeas relief. *See* 28 U.S.C. § 2255(a) (authorizing prisoner in federal custody to petition for release upon ground that sentence was imposed in violation of Constitution or laws of United States and therefore, must be vacated, set aside, or corrected).

Moreover, Defendant has not alleged that his conviction has been successfully attacked, that state habeas relief has been granted, or that the conviction has been questioned by any court. Otherwise stated, Defendant has not alleged that his prior conviction for aggravated assault did not meet the definition for a crime of violence *at the time of his state court conviction*; instead, he claims that his conviction was not a crime of violence based on the "new" affidavit he now presents. Defendant, however, cannot attack that conviction for the first time in this Court under § 2255. *See also* McCarthy v. United States, 320 F.3d 1230, 1232 (11th Cir. 2003) ("If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." (quoting Daniels v. United States, 532 U.S. 374, 382 (2001))).

For all of the above reasons, therefore, Defendant's Objection (Doc. 159) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's October 25, 2011 Report and Recommendation (Doc. 158) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Defendant's federal habeas corpus petition, brought pursuant to 28 U.S.C. § 2255 (Doc. 154), is **DENIED**. The Court further **DENIES** Defendant a certificate of appealability, as Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this  6th  day of December 2011.

                                                /s/ W. Louis Sands
                                                **THE HONORABLE W. LOUIS SANDS,**
                                                **UNITED STATES DISTRICT COURT**